CITY OF NEW ORLEANS *v.* JOHN HOLMES, Recorder.

The Legislature has the power to make an exception to the general rule with regard to the promulgation of laws, and to give to an Act full force and effect from the date of its passage.

The section of the Act of the 20th of March, 1858, entitled "An Act relative to judicial mortgages against the city of New Orleans," which provides that no inscription of a judgment against the city shall operate as a judicial mortgage, is not in violation of the Article of the Constitution which declares that no law shall be passed impairing the obligation of contracts.

The judicial mortgage resulting from the inscription of a judgment, forms no part of the contract upon which the judgment was rendered.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*J. J. Michel*, for plaintiff.   *Lacy & Upton*, for defendant and appellant.

COLE, J.   On the 20th March, 1858, the Legislature passed " an Act relative to judicial mortgages against the city of New Orleans," which provides :—

1. Whenever the city of New Orleans shall apply to the Recorder of Mortgages of said city, for certificates of mortgages recorded against the city, that it

shall be the duty of the Recorder to mention in such certificate only special mortgages which may have been granted by the city, and to omit all judicial mortgages arising from the inscription of the judgments rendered against the city and recorded in the mortgage office.

2. That hereafter no inscription of a judgment rendered against the city of New Orleans shall operate as a judicial mortgage against any property of the city.

3. That all laws contrary to the provisions of this Act are repealed.

4. That the Act shall take effect from and after its passage.

The city having applied to the Recorder for a certificate, in accordance with this law, he refused to accord the same.

On motion of the City Attorney, the District Court ordered the Recorder to show cause why a writ of *mandamus* should not issue, directing him to grant the city a mortgage certificate, conformably to the provisions of the first section of the above-mentioned Act.

Upon a hearing, the rule *nisi* was made absolute; and the *mandamus* was ordered to issue, from which judgment the Recorder has appealed.

Appellant has made two points in this court, on which he relies for a reversal of the judgment.

1. " The statute sought to be enforced had not been promulgated at the date of the rule."

It is in the power of the Legislature to make a law take effect from its passage.

There is nothing in the Constitution of the State, which requires a fixed time to elapse, after the enactment of a statute, before it can take effect.

The Legislature has adopted a general rule as to the time that must expire after publication, before a statute can be deemed to be promulgated, and to have the force of law.

The same power that created the rule can make the exception.

2. " That the statute is unconstitutional, null and void, and impairs the obligation of contracts."

There is nothing unconstitutional in the provision, that no inscription of a judgment against the city shall operate as a judicial mortgage, and it does not impair the obligation of contracts.

The judicial mortgage resulting from the inscription of a judgment is no part of the contract upon which the judgment was based.

Judicial mortgages are the mere creations of the law.

Judgment affirmed with costs.

MERRICK C. J., concurring. Whatever rights the judgment creditors of the city of New Orleans acquired by recording their judgments prior to the Act of 20th of March, 1858, (p. 221,) are protected by Art. 105 of the Constitution, which declares, that vested rights cannot be divested, unless for purposes of public utility, and adequate compensation previously made.

The Act in question must therefore be construed in reference to this provision of the Constitution. If we attend to the language of the Act, we find that it is the city alone for whom the kind of certificate mentioned in the statute is required to be made when applied for by her proper officers.

Every other person having an interest in procuring a full certificate of mortgages, or other proof of registry of his mortgages, can do so, and the Recorder cannot withhold the proper certificate. Indeed, were there a controversy on the

question of priority of mortgages, in my opinion, it would be in the power of the court to require the proof, by the production of the books, and other modes of proof, were the certificate refused; and so I understand to be the conclusion of my colleagues.

Of course *after* the passage of the Act, the Register could neither record judgments presented for registry, nor exemplify the same upon his certificate of mortgages for any one.

I deem what Mr Justice Cole has said on the subject of the promulgation of the Act as conclusive, and concur in the decree.